IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TRACIE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 1:23-cv-01644 |
| | ) | |
| vs. | ) | |
| | ) | |
| NESTLE USA, Inc., | ) | |
| | ) | |
| Defendant, | ) | |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Tracie Williams, by counsel, and as his Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1.  Plaintiff, Tracie Williams (hereinafter "Plaintiff" or "Williams"), is a resident of Madison County in the State of Indiana and a former employee of Defendant.

2.  Defendant, Nestle USA, Inc. (hereinafter collectively "Nestle" or "Defendant"), is an employer as defined by the Americans with Disabilities Act, as amended 42 U.S.C. §12101, *et. seq*., which conducts business in the State of Indiana.

3. Williams filed a Charge of Discrimination (Charge No. 470-2023-02710) with the Equal Employment Opportunity Commission on or about March 29, 2023, *inter alia*, alleging that Defendant violated the Americans with Disabilities Act, as amended 42 U.S.C. §12101, *et. seq*.

4.  The Equal Employment Opportunity Commission issued to Williams a 90-day Right to Sue letter on June 28, 2023.

5.  Williams invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

7.  Plaintiff suffers from a disability and/or perceived disability that affects her major life activities, namely MRSA caused by allergies.

8. Plaintiff was employed by the Defendant as an Ingredients Processing Coordinator beginning in August 2021.

9.  In January 2022, Plaintiff developed a painful infection that spread to her face and was diagnosed with MRSA.

10.  Plaintiff's doctor suspected she was caused by an allergic reaction to ingredients in the workplace and notified Defendant that she should be temporarily relocated pending testing to accommodate until the substance was identified.

11. Defendant denied accommodation and informed Plaintiff that she would not be allowed to work until testing was completed.

12. Upon returning to work, Plaintiff's supervisor began to closely scrutinize her work by following her throughout the day and going through her paperwork.

13. In May, Defendant issued Plaintiff a final warning for taking an extended break despit the fact that she had no previous warnings.

14. On October 2, 2022, Defendant sent Plaintiff home for failing to complete on-line training, and on October 4, 2022, Defendant terminated Plaintiff's employment.

Count I
ADA Disability

15.  Plaintiff incorporates by reference paragraphs one (1) through fourteen (14) above.

16. Plaintiff suffered from disabilities and/or perceived disabilities that affect one or more of his major life activities, specifically MRSA related to allergies.

17. Plaintiff was able to perform all of the essential functions of his original job with or without reasonable accommodation.

18. Plaintiff requested reasonable accommodation to undergo testing and was denied.

19. Plaintiff met all of the Defendant's legitimate performance expectations.

20. Plaintiff was treated less favorably than similarly situated non-disabled employees who took extended breaks and failed to complete on-line training by the requested deadlines.

21. Defendant terminated Plaintiff for his disability, perceived disability, and/or record of disability.

22. As a result of the foregoing, Williams suffered damages, including but not limited to, lost wages and benefits, compensatory damages and attorney fees.

23. The Defendant's actions are in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et. sec.*

WHEREFORE, Plaintiff prays for judgment against Defendant, an award for unpaid wages, compensatory damages, punitive damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

<u>Count II</u>
<u>Retaliation</u>

24. Plaintiff incorporates by reference paragraphs one (1) through twenty-three (23) above.

25. Plaintiff engaged in protected activity by requesting a reasonable accommodation.

26. Defendant retaliated against Plaintiff for engaging in protected activity by creating a hostile work environment that included closely scrutinizing her employment and discipling her for violations that are not routinely enforced against other employees.

27. Defendant terminated Plaintiff because she engaged in protected activity.

28. As a result of the foregoing, Williams suffered damages, including but not limited to, lost wages and benefits, compensatory damages and attorney fees.

29. The Defendant's actions are in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et. sec.*

WHEREFORE, Plaintiff prays for judgment against Defendant, an award for unpaid wages, compensatory damages, punitive damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22713-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE
1634 W Smith Valley Road, Ste. B
Greenwood, IN  46143
(317) 885-0041;
(888) 308-6503 Fax